AO 91 (Rev. 11/11) Criminal Complaint

# FILED

## UNITED STATES DISTRICT COURT
for the
WESTERN District of TEXAS

AUG 24 2022

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

| | |
|---|---|
| United States of America<br>v.<br>Hernan Alfonso FERREYRO<br><br>*Defendant(s)* | ) ) ) ) ) ) ) )   Case No.  SA-22-MJ-1276 |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of  July 28, 2022  in the county of  Bexar  in the
Western  District of  Texas , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21/841(a)(1) & (b)(1)(A) | Possession with Intent to Distribute 500 grams or More of a Mixture or Substance Containing Methamphetamine<br><br>PENALTIES:<br>10 Years to Life Imprisonment, $10 Million Fine, 5 Years Supervised Release, $100 Mandatory Special Assessment |

This criminal complaint is based on these facts:

See attached affidavit

☒ Continued on the attached sheet.

_____
Complainant's signature

DEA TFO David Camacho
_____
Printed name and title

☐ Sworn to before me and signed in my presence.
☒ Sworn to telephonically and signed electronically.

Date:  8/24/2022

City and state:  San Antonio, Texas

_____
Judge's signature

Henry J. Bemporad, U.S. Magistrate Judge
_____
Printed name and title

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

1. Affiant has been employed as a Deputy Sheriff with the Guadalupe County Sheriff's Office since 2006. Since 2011 Affiant has been assigned to the Guadalupe County Narcotics Division. Since 2018, Affiant has been assigned as a Task Force Officer with the Drug Enforcement Administration. During the course of Affiant's employment, he has been personally involved in numerous drug trafficking and money laundering investigations. Affiant has special training in the investigation of drug trafficking organizations, specifically communication exploitation, and drug trafficking patterns and techniques. Affiant has participated in this investigation and has thorough knowledge listed in this complaint.

2. On or about Thursday July 28, 2022, a Confidential Source (hereinafter referred to as "CS 1") was utilized to coordinate a narcotic transaction with Hernan Alfonso FERREYRO. FERREYRO and CS 1 arranged to conduct a narcotic transaction at an address in Alamo Heights, Bexar County, Texas. San Antonio District Office "SADO" Agents/Officers utilized a second Confidential Source (hereinafter referred to as "CS 2") to accompany CS 1 and act as the buyer during this narcotic transaction.

3. Prior to the narcotic transaction Affiant searched CS 1, CS 2 and the CS vehicle for any illegal contraband or weapons at a pre-determined location. None were found. Affiant equipped the CSs with an audio/video covert recording device. Affiant and Guadalupe County Narcotics Task Force (GCNTF) Investigator K. Deslatte followed the CSs as the CS's drove, in the CS vehicle, from the pre-determined meet location to the address in San Antonio, Bexar County, Texas. Constant surveillance was kept on the CS' until the Cs' arrived and met with FERREYRO.

1

4. Agents/Officers established surveillance in the vicinity of the meet location, specifically apartment XXX. DEA Special Agent (SA) A. Benavides observed CS 1 and CS 2 approach and enter apartment XXX. During the meet, FERREYRO sold the CS approximately 245 grams of crystal methamphetamine and in return the CS paid FERREYRO $1,800.00 in Official Advanced Funds (OAF). The meet concluded.

5. The CSs departed the meet location and travelled to a pre-determined meet location to meet with Affiant and GCNTF Investigator K. Deslatte. Affiant and GCNTF Investigator K. Deslatte maintained a visual of the CSs and never lost sight of the CSs. Upon arrival to the meet location, Affiant again searched CSs' person and CS vehicle for any illegal contraband and weapons as witnessed by a GCNTF Investigator and DEA SA A. Benavides. None were found, other than the crystal methamphetamine FERREYRO sold to the CSs. Affiant took custody of the crystal methamphetamine and secured it in Affiant's vehicle.

6. Affiant transported the crystal methamphetamine to the DEA's SADO where it was tested by utilizing a methamphetamine field test kit as witnessed by DEA SA A. Benavides. Affiant obtained a positive result for the presence of methamphetamine, which had an approximate weight of approximately 245 grams. Said drug exhibit was secured at the SADO for safekeeping and subsequently mailed off to the South Central Laboratory for a formal drug analysis.

7. On Monday August 8, 2022, Affiant, along with SADO Group D54 Agents/Officers, utilized CS 2 to negotiate a purchase of ten (10) ounces of crystal methamphetamine from FERREYRO. During the negotiation, FERREYRO agreed to sell CS 2 five (5) ounces of crystal methamphetamine along with giving CS 2 an additional five (5) ounces of crystal

2

methamphetamine at no cost. FERREYRO and CS 2 agreed to conduct the narcotics transaction at the FERREYRO's residence located at XXX Montclair Avenue Apt. XXX in Alamo Heights, Texas, 78209.

8. Later that same day, CS 2 conducted a controlled meet with FERREYRO. During the meet, CS 2 purchased and was given approximately 218 grams of crystal methamphetamine (7 ounces) from FERREYRO. The meet concluded. SADO Agents/Officers utilized a covert audio/video recording device to capture the narcotics transaction. After the meet, CS 2 informed Affiant, CS 2 observed FERREYRO to have additional bulk methamphetamine still present at FERREYRO's residence after FERREYRO sold/provided CS 2 with the approximately 218 grams of crystal methamphetamine. Affiant confirmed this by viewing the covert audio/video recording device CS 2 was equipped with during the controlled meet.

9. A field test was conducted on the substance believed to be methamphetamine and it tested positive for the presence of methamphetamine.

10. On Monday August 22, 2022, CS 2 and FERREYRO began negotiations for the delivery and sale of crystal methamphetamine via recorded telephone calls and text messages.

11. Later that same day, CS 2 conducted a controlled meet with FERREYRO. Prior to the meet, Affiant searched CS 2 and the CS 2's vehicle for any illegal contraband or weapons at a pre-determined location. None were found. Affiant equipped the CS 2 with an audio/video covert recording device.

12. During the meet, FERREYRO offered to sell CS 2 five hundred (500) grams of crystal methamphetamine for $3,600.00. CS 2 agreed and asked FERREYRO when the crystal methamphetamine would be available. FERREYRO told CS 2 that he expected the

3

methamphetamine to be delivered any day. FERRERYO ended the meet by telling CS 2, FERRERYO would contact CS 2 when the crystal methamphetamine became available for sale. The meet concluded.

13. CS 2 departed the meet location and travelled to a pre-determined meet location to meet with Affiant and a DEA SA. Affiant and a DEA SA maintained a visual of CS 2 and never lost sight of the CS 2. Upon arrival to the meet location. Affiant again searched CS 2 person and CS 2's vehicle for any illegal contraband and weapons as witnessed by a DEA SA. None were found.

14. On Tuesday August 23, FERRERYO contacted CS 2 telephonically and informed CS 2 to travel to XXXX Village Way in San Antonio, Bexar County, to conduct the narcotic transaction. CS 2 agreed. Affiant confirmed FERREYRO's location at XXXX Village Way by utilizing two (2) forms of electronic surveillance.

15. Prior to the meet, Affiant searched CS 2 and the CS 2's vehicle for any illegal contraband or weapons at a pre-determined location. None were found. Affiant equipped the CS 2 with an audio/video covert recording device.

16. FERREYRO departed the pre-determined location and travelled directly to XXXX Village Way. Upon CS 2 arrival to the residence, CS 2 telephonically contacted FERREYRO and informed FERREYRO CS 2 had arrived. FERRERYO said ok and seconds later exited the front door of the residence. As FERRERYO walked to CS 2's vehicle, FERREYRO retrieved a black grocery style baggie from a parked vehicle in the driveway of the residence. FERRERYO removed said grocery bag from the what appeared to be the hood of the parked unoccupied vehicle.

17. FERRERYO entered the front passenger side of CS 2's vehicle and handed CS 2 the black in color grocery style bag. CS 2 opened the bag and provided Agents/Officers with the pre-arranged arrest signal. FERRERYO was arrested without incident. Affiant read FERREYRO his Miranda Rights as witnessed by DEA TFO B. Smith. FERREYRO waived his rights and agreed to speak with Affiant.

18. Agents/Officers contacted the homeowners L.D. and T.T. L.D. and T.T were both read their Miranda Rights and informed of what had occurred. L.D. informed DEA SA R. Petravage and Affiant, prior to Agents/Officers arresting FERRERYO, FERREYRO had placed a speaker box containing crystal methamphetamine in the living area of L.D. residence. Also present at the residence was FERREYRO's girlfriend, J.S., who was uncooperative and refused to speak with Agents/Officers.

19. L.D. and T.T provided Agents/Officers with verbal and written consent to remove the crystal methamphetamine from the living room area. With L.D. and T.T present, Agents/Officers entered the living area and located the speaker box on the floor of the living room area. The subwoofer, to the speaker box was partially attached. This allowed Agents/Officers to see inside of the speaker box and in plain view a circular object wrapped in black electrical tape inside of the speaker box.

20. Agents/Officers removed and took possession of the circular object for evidentiary purposes. Directly in front of the speaker box Agents/Officers located one (1) clear sandwich baggie containing crystal methamphetamine. Affiant asked L.D. and T.T. if there were any other illegal narcotics at their residence. L.D. said yes and said L.D. had a user amount of crystal methamphetamine in L.D. bedroom. L.D. and T.T. walked Affiant and DEA SA to said bedroom and removed an approximate 1 X 1 inch clear baggie from

the top of dresser drawer. T.T. handed Affiant the crystal methamphetamine. Affiant took custody of the crystal methamphetamine for evidentiary purposes. Agents/Officers then departed the residence.

21. Affiant conducted a post Miranda interview with FERREYRO at XXXX Village Way as witnessed by TFO B. Smith. FERREYRO was cooperative and took ownership of the crystal methamphetamine located in the speaker box. FERRERYO informed a Bexar County Deputy on scene, FERRERYO had crystal methamphetamine concealed in FERRERYO's buttocks area. Search incident to arrest, Agents/Officers located one (1) black in color latex glove with contained a clear plastic baggie that contained crystal methamphetamine.

22. Affiant asked FERREYRO if FERREYRO had any illegal narcotics in FERREYRO's white GMC Sierra bearing TX#XXX-XXXX. Said pickup was parked in the driveway of the residence. FERRERYO said yes and walked to the pickup with Affiant and TFO B. Smith. FERRERYO provided Affiant with consent to search FERREYRO's pickup. FERREYRO informed Affiant to open the rear passenger door and remove the top portion of the plastic molding of the door. Affiant did so and located one clear plastic baggie containing crystal methamphetamine.

23. No other illegal narcotics or contraband were located at XXXX Village Way. Agents/Officers departed said residence and relocated to XXX Montclair Ave Apt. XXX (FERREYRO's residence) in Alamo Heights, Texas to execute a search warrant.

24. During the execution of the search warrant, Agents/Officers did not locate any illegal narcotics. Agents/Officers did locate two (2) drug ledgers and collected them for evidentiary purposes.

25. Affiant transported FERREYRO to the Guadalupe County Sheriffs Officer to be interviewed. Affiant again read FERREYRO his Miranda Rights as witnessed by GCNTF Investigator K. Deslatte. FERREYRO waived his rights and agreed to speak with Affiant.

26. Post Miranda, FERREYRO told Affiant, FERRERYO had been selling kilogram quantities of crystal methamphetamine in the San Antonio, Texas for approximately eighteen (18) months and was currently not employed. FERRERYO informed Affiant, FERRERYRO purchased two (2) kilograms of crystal methamphetamine from an FNU LNU Hispanic male on 08-23-2022 in San Antonio, Texas for $3,200.00. FERREYRO said FERREYRO was "fronted" one (1) additional kilogram due to having to wait so long for it to be delivered. FERRERYO said Agents/Officers located and seized both kilograms at XXXX Village Way in San Antonio, Texas. FERRERYO said no other persons at the residence had any involvement with the drug transaction FERREYRO conducted with CS 2.

27. FERREYRO informed Affiant FERREYRO utilized XXXX Village Way to store the two (2) kilograms of crystal methamphetamine prior to meeting with CS 2 on 08-23-2022. FERREYRO told Affiant, FERREYRO was sold/given two (2) clear Ziploc baggies containing crystal methamphetamine. FERREYRO said FERREYRO wrapped one (1) of the two Ziploc baggies with black electrical tape and concealed it in the speaker box. FERREYRO told Affiant, just prior to being arrested by Agents/Officers, FERREYRO broke down the two (2) kilograms down and put aside approximately 500 grams away to sell to CS 2, approximately 200 grams hidden in FERREYRO's GMC pickup, and the remaining one (1) kilogram in the living area of XXXX Village Way. The interview concluded.

28. Agents/Officers transported all the illegal narcotics to the SADO drug evidence vault. While there, Agents/Officers weighed said drug exhibits. The one kilogram, one baggie containing crystal methamphetamine, and one approximate 1 X 1 inch baggie located inside of XXXX Village Way had a combined weight of approximately 1093.07 grams. The half kilogram of crystal methamphetamine delivered and sold to CS 2 weighed approximately 558.57 grams and field test positive for the presence of methamphetamine. The crystal methamphetamine located in FERREYRO's GMC pickup weighed approximately 206.15 grams. The crystal methamphetamine located on FERREYRO's person weighed approximately 5.26 grams

29. FERREYRO is currently on state parole for a drug related offense and has prior felony arrest for drug related offenses.

FURTHER AFFIANT SAYETH NOT.

Task Force Officer David Camacho
Drug Enforcement Administration

Sworn to and subscribed telephonically this 24th day of August, 2022.

HENRY J. BEMPORAD
UNITED STATES MAGISTRATE JUDGE

8